FILED
August 18, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002032258

ERIC D. HOUSER #130079
HOUSER & ALLISON
A Professional Corp.
9970 Research Drive
Irvine, CA 92618
(949) 679-1111

Attorney for Secured Creditor, LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the registered holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>DOROTHY LOUISE TOVAR.<br><br>　　　　Debtor, | Case No.: 09-28664-D-13<br><br>DC No. TBC-2<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Hearing on Objection<br>DATE:　September 1, 2009<br>TIME:　1:00 p.m.<br>DEPT:　D, 6th Floor, Courtroom 34<br>　　　　501 I Street<br>　　　　Sacramento, CA 95814 |

**TO: THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY COURTS JUDGE, THE DEBTOR, THE DEBTOR'S ATTORNEY, THE CHAPTER 13 TRUSTEE:**

LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the registered holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("LASALLE BANK") is the holder of a secured claim recorded against real property in which the Debtor claims an interest. LASALLE BANK is, therefore, a party in interest and has standing to object to the Debtor's Chapter 13 Plan.

LASALLE BANK's claim consists of a Note secured by a Deed of Trust on the real property commonly known as 5541 Ralston Way, Placerville, CA 95667 ("Subject Property"). LASALLE BANK objects to the Plan on the following grounds:

1. The Debtor's Plan is highly speculative. The Plan relies entirely on the settlement of a lawsuit. The Plan states that "the Settlement is expected, but is not certain to occur, not later than September 15, 2009, and it is expected that, if the Settlement is consummated, the Debtor will net…at least $350,000.00." First, the initial plan stated that the settlement was expected not later than August 15, 2009. Now, the modified plan says not later than September 15, 2009. Clearly, these dates are mere guesses at when the settlement will occur, if it even occurs at all. Next, the Plan uses words like "not certain" and "expected" and "if the Settlement is consummated" which demonstrates the uncertainty of the lawsuit settlement altogether. If the lawsuit is not settled, there is insufficient funding during the course of the Plan for payment of the obligations set forth therein and there is absolutely no provision for adequately funding the Plan in the event the proposed settlement does not occur. The Chapter 13

Plan should not be confirmed until the settlement of the lawsuit as the Debtor has no source of income to support the proposed Plan until the settlement is completed.

DATED: August 18, 2009

HOUSER & ALLISON
A Professional Corporation

BY: /s/ ERIC D. HOUSER
ERIC D. HOUSER
Attorneys for Secured Creditor, LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the registered holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11

I:\BK\Tovar(49962)\ED_OBJ.doc 3