FILED
November 10, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002212394

3

Michael R. Germain (C.S.B. # 133553)
THE BANKRUPTCY CENTER
945 Morning Star Drive
Sonora, CA 95370
Telephone: (209) 536-9577

Attorneys for Debtor, Dorothy L. Tovar

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

In re:                                    )   Case No. 09-28664-D-13L
    Dorothy L. Tovar                   )   Chapter 13
                                       )   **D.C. No. NLE-2**
    Debtor.                            )   Judge: Robert S. Bardwil
                                       )   Date: November 24, 2009
                                       )   Time: 10:00 a.m.
                                       )   Place: 501 I Street, 6th Floor
_____)         Dept. D- Ctrm. 34

### DEBTOR'S OPPOSITION TO TRUSTEE'S MOTION TO DISMISS CASE FOR FAILURE TO TIMELY CONFIRM A PLAN; REQUEST FOR CONTINUANCE

Debtor Dorothy L. Tovar (hereinafter, "the Debtor " or "Ms. Tovar") hereby opposes the Chapter 13 Trustee's Motion to Dismiss the above-captioned Chapter 13 case and requests a continuance of the hearing on the Motion until early January, 2010. For reasons discussed below, Ms. Tovar believes that she could propose a confirmable Chapter 13 Plan by no later than December 31, 2009 which would pay creditors a 100% dividend. Accordingly, Ms. Tovar requests through and including December 31, 2009 to file a Third Modified Chapter 13 Plan that would be funded out of the settlement of the Lawsuit discussed below. Ms. Tovar would stipulate to the dismissal of her Chapter 13 case, or would seek the voluntary dismissal thereof, after December 31, 2009, unless the lawsuit has settled by December 31.

### I. PROCEDURAL AND FACTUAL BACKGROUND

This case was originally commenced "skeletally" on the eve of the foreclosure of Ms. Tovar's home in Placerville. When this case was commenced, Ms. Tovar already had commenced the Lawsuit (defined and discussed below). It was hoped that the Lawsuit would

settle quickly in an amount sufficient to cure the arrears to Ms. Tovar's mortgage lender and pay all creditors in full. Unfortunately, the Lawsuit did not settle as quickly as originally hoped, but there is reason for optimism that the Lawsuit will soon settle, thereby allowing Ms. Tovar to fund a 100% repayment Plan and save her house.

Ms. Tovar still reasonably believes that she can pay creditors a 100% divided out of the settlement of the pending Lawsuit, defined and discussed in detail below. The settlement of the Lawsuit has been and will remain Ms. Tovar's means of funding a Chapter 13 Plan. In light of the lack of a settlement of the Lawsuit to date, however, Ms. Tovar has been unable to file a third modified Chapter 13 Plan. However, recently there has been significant momentum towards a settlement, and Ms. Tovar is optimistic that the Lawsuit will settle sometime in December, 2009. Accordingly, Ms. Tovar respectfully asks the Court to allow her through and including December 31, 2009 to file a Third Modified Plan. (Declaration of Dorothy Tovar, filed herewith [hereinafter, "Tovar Dec."].)

Ms. Tovar is the Plaintiff in a lawsuit styled as *Tovar v. Ballard, et al.*, Case No. 2009-00032444, Sacramento County Superior Court (hereinafter, "the Lawsuit"). Liability is clear, and Ms. Tovar's damages from the underlying negligence were in an amount that significantly exceeds the amount necessary to pay Ms. Tovar's creditors in full. The resolution of the Lawsuit is substantially likely to generate revenue for Ms. Tovar which will be sufficient to fund her Plan, and pay all creditors in full, within a reasonable time. (Tovar Dec.)

The gravamen of the Lawsuit is legal malpractice by Ms. Tovar's former appellate attorneys. Those attorneys failed to file the opening brief in Appeal Number #07-15928, United States Court of Appeals for the Ninth Circuit (hereinafter, "the Appeal"). As a proximate result of the attorneys' failure to file the opening brief, the Appeal was dismissed. The Appeal had significant merit, as evidenced by the fact that the Respondents made written settlement offers to Ms. Tovar valued in the hundreds of thousands of dollars. Both the settlement offers from the Respondents and the appellate issues themselves demonstrated that the Appeal had substantial merit and the settlement value to Ms. Tovar was substantial. Of course, once the opening brief was not filed, as a proximate result of the negligence of Ms. Tovar's appellate attorneys, there

| | |
|---|---|
| 1 | ceased to be any value in the Appeal and there was no longer any settlement value. Ms. Tovar |
| 2 | suffered significant monetary damages as a proximate result of the negligence of her former |
| 3 | appellate attorneys for failing to prosecute the appeal in a timely manner. (Tovar Dec.) |
| 4 |     Ms. Tovar's appellate attorneys are now the defendants in the Lawsuit (i.e., *Tovar v.* |
| 5 | *Ballard, et al.*, Case No. 2009-00032444, Sacramento County Superior Court ). While the |

ceased to be any value in the Appeal and there was no longer any settlement value. Ms. Tovar suffered significant monetary damages as a proximate result of the negligence of her former appellate attorneys for failing to prosecute the appeal in a timely manner. (Tovar Dec.)

Ms. Tovar's appellate attorneys are now the defendants in the Lawsuit (i.e., *Tovar v. Ballard, et al.*, Case No. 2009-00032444, Sacramento County Superior Court ). While the outcome of the Lawsuit cannot be predicted with certainty, there have been confidential and inadmissible recent developments that have caused Ms. Tovar to be optimistic that the case will settle in or around December, 2009, in amount sufficient to fund a 100% plan to creditors. Ms. Tovar would stipulate to the dismissal of her Chapter 13 case, or would seek the voluntary dismissal thereof, unless the Lawsuit has settled on or before December 31, 2009. (Tovar Dec.)

WHEREFORE, Dorothy L. Tovar respectfully asks the Court to deny the Trustee's Motion to dismiss this Chapter 13 case, with Ms. Tovar to have through and including December 31, 2009 to obtain the settlement of her Lawsuit described above and to propose a Third Modified Chapter 13 case on or before December 31, 2009, and that the hearing on the Motion to Dismiss this Chapter 13 case be continued until early-January, 2010.

                                THE BANKRUPTCY CENTER

Dated: November 10, 2009            By  /s/ Michael R. Germain
                                                   Michael R. Germain
                                                   Attorneys for Debtor, Dorothy L. Tovar